UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:22-cr-00072-JPH-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARVIN SMITH | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cr-00072-JPH-MJD |
| ) | |
| MARVIN SMITH, ) | -1 |
| ) | |
| Defendant. ) | |

### ORDER

Defendant Marvin Smith has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 48. Mr. Smith has also filed a motion to present documentary evidence. Dkt. 49. For the reasons explained below, his motion for compassionate release is **DENIED** and his motion to present documentary evidence is **GRANTED**.

### I. Background

In September 2022, Mr. Smith plead guilty to two counts of attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Dkt. 42. According to the presentence investigation report, in April 2022, Mr. Smith entered a pharmacy in Indianapolis, Indiana and handed an employee a note demanding oxycodone. Dkt. 33 at 4–5. The employee informed Mr. Smith that oxycodone is in a safe that would not open for several minutes, and Mr. Smith left the pharmacy. *Id.* Later that day, Mr. Smith entered another Indianapolis

2

pharmacy and again handed an employee a note demanding oxycodone. *Id.* at 5. The employee told Mr. Smith that he could not obtain oxycodone for several minutes, and Mr. Smith again left with nothing. *Id.* Mr. Smith then entered a bank in Indianapolis and demanded a teller fill a bag with money. *Id.* The teller did so, and Mr. Smith left with $379. *Id.* Three days later, Mr. Smith entered another Indianapolis bank and demanded the teller fill a bag with money. *Id.* at 6. Again, the teller did so, and Mr. Smith left the bank with $10,000. *Id.*

Mr. Smith faced a guidelines range of 92 to 115 months of imprisonment. Dkt. 33 at 22. The Court sentenced him to 115 months of imprisonment to be followed by 3 years of supervised release. Dkt. 42 at 2–3. The Bureau of Prisons ("BOP") lists Mr. Smith's anticipated release date (with good-conduct time included) as June 4, 2030. https://www.bop.gov/inmateloc/ (last visited November 28, 2023).

Mr. Smith has filed a motion for compassionate release pro se. Dkt. 48. Mr. Smith argues that he establishes extraordinary and compelling reasons for compassionate release because (1) he has been subjected to inhumane and unsafe conditions while incarcerated due to exposure to violence in prison which has also prevented him from accessing rehabilitative programming in BOP; and (2) he is needed at home to care for his daughter and his elderly mother. *Id.* The Court has concluded that it can resolve the motions without a response from the United States. Mr. Smith has also filed a motion to present documentary evidence in which he asks the Court to consider an affidavit detailing his efforts at exhausting his administrative remedies and addressing why he believes his

3

compassionate release motion presents an emergency. Dkt. 49. Mr. Smith's motion to present documentary evidence is **granted** to the extent that the Court assumes the documents that Mr. Smith wishes to present prove the facts alleged by Mr. Smith. The Court has considered these facts and determined that they have no effect on the Court's determination with regard to compassionate release.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons

4

potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered those amendments, as appropriate.

Mr. Smith argues that violence involving inmates and BOP officers has created inhumane and dangerous conditions in prison. Dkt. 48 at 5–6. He argues that these conditions violate his constitutional rights as well as his plea agreement. *Id.* at 6. Mr. Smith also argues that the BOP has imposed constant lockdowns in response to violence which have prevented him from undertaking rehabilitative programming. Dkt. 8–9. He argues this has caused him significant mental anguish and exposed him to greater danger. *Id.* Allegations that the BOP has subjected him to inhumane, unsafe, or insufficiently rehabilitative conditions might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle."). Further, Mr. Smith has not shown that he has experienced anything extraordinary as compared to other inmates. *See United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court declines to exercise its discretion to find that Mr. Smith carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Smith also argues that he is needed at home to care for his ailing mother and teenage daughter. Dkt. 48 at 9–10. He contends that his mother is terminally ill and that he would help care for her if released. *Id.* He also argues that he needs to care for his daughter. He explains that she is currently being cared for by her grandparents but that they struggle financially and physically because they are 89 and 90 years old. *Id.* at 10. Mr. Smith, however, points to no evidence that his mother is incapacitated by any illness or that he is the only person available to provide care for her. *See* U.S.S.G. § 1B1.13(b)(3)(C) (Nov. 2023). Further, he has provided no evidence that his daughter's current caregivers are incapacitated. While the Court is sympathetic to the financial and physical strain raising a teenager might have on elderly people, there is again no evidence that the child's grandparents are unable to continue to provide for her. As such, the Court declines to exercise its discretion to find that Mr. Smith has met his burden to establish that care for his child or his mother is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Even if the Court were to assume that Mr. Smith had established an extraordinary and compelling reason, however, the Court would nevertheless find that Mr. Smith is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[1] Weighing

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant

6

in his favor, the defendant has had only one disciplinary infraction while incarcerated. Dkt. 56 at 1. He has also completed drug education and maintained employment in the BOP. *Id.* Weighing against him, Mr. Smith committed serious crimes and has an extensive criminal history, including seven prior felony convictions. Dkt. 33 at 10–16. His prior convictions include burglary, attempted robbery, robbery, and two counts of interference with commerce by robbery in this Court in 2015. *Id.* Further, Mr. Smith was sentenced just over one year ago and is not scheduled to be released from prison until June 2030; thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Smith early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah,* 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III.    Conclusion

For the reasons stated above, Mr. Smith motion for compassionate release, dkt. [48], is **denied** and his motion for the presentation of documentary evidence, dkt. [49], is **granted**.

**SO ORDERED.**

Date: 11/30/2023

                                                  James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Marvin Smith
Register Number: 15250-028
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635